IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY KOESTERS, | ] | 8:CV13- |
| Plaintiff, | ] | |
| vs. | ] | COMPLAINT |
| GRIFFIN PIPE PRODUCTS CO., INC., | ] | |
| Defendant. | ] | |

## JURISDICTION AND VENUE

1. This suit is brought and jurisdiction lies pursuant to Section 107(a) of the Americans with Disabilities Act (hereinafter ADA), 42 U.S.C. §1217, which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5. This court also has ancillary jurisdiction of this matter pursuant to the Iowa Civil Rights Act Iowa Code 216.1 et seq..

2. Venue is proper in this district pursuant to 28 U.S.C. §1391.

3. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5(f)(3), have occurred or been complied with.

4. A charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission (EEOC) within 180 days of the unlawful employment practice alleged herein.

5. A Notification of Right to Sue was received from both entities above on July 12,

2013.

6. This Complaint has been filed within 90 days of the receipt of the Notification of Right to Sue.

## PARTIES

1. Anthony Koesters (Plaintiff) is a resident of Bellevue, Nebraska, residing at 7003 South 39th Avenue. He began employment with defendant on September 3, 2003, and performed well for it until he was wrongfully denied a reasonable accommodation in or around April 12, 2011, and subsequently terminated on July 12, 2012.

2. Griffin Pipe Products Co., Inc., is an Iowa corporation doing business in Council Bluffs, and was the employer of Koesters for the time referenced above.

3. Defendant is a "person" within the meaning of §101(7) of the ADA, 42 U.S.C. §12111(7), and §701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

4. Defendant is engaged in an industry that affects commerce within the meaning of §101(7) of the ADA, 42 U.S.C. §12111(7), and §701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

5. Defendant employs 15 or more employees and is an employer within the meaning of §101(5)(A) of the ADA, 42 USC §12111(5)(A).

## CLAIM FOR RELIEF

1. From January 2011, through the present time, Koesters has been an individual with a "disability" within the meaning of Section 3(2) of the ADA, 42 U.S.C. §12102. More particularly, Koesters has physical impairments that substantially limit one or more of his

major life activities, has a record of such impairment (diagnosed in early 2011), and Griffin perceived him with such impairments.

2. Koesters is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Koesters is an individual who, with reasonable accommodation, can perform the essential functions of his job with Griffin.

3. Koesters was injured in January 2011, and released by his physician on April 12, 2011 to return to work with some restrictions. Thereafter, Koesters made numerous requests to be returned to work, was ordered to undergo a functional capacity evaluation not required of other workers, then refused any jobs until his eventual firing.

4. Despite Koesters' requests, Griffin refused to make reasonable accommodation to him.

5. Griffin's failure to make reasonable accommodation to Koesters' physical disability constitutes discrimination against Koesters with respect to the terms, conditions, or privileges of employment. Griffin's actions constitute a violation of §102(b)(5)8) of the ADA, 42 U.S.C. §12112(b)(5)(A). It is also violative of the Iowa Civil Rights Act.

6. Griffin failed to undertake any good faith efforts, in consultation with Koesters, to identify and make reasonable accommodation with Koesters.

7. Griffin in response to Koesters' requested accommodation brought against him trumped up accusations of inability to perform which Griffin used as excuse to avoid proper actions, claiming since Koesters was on leave he did not require accommodation.

8. Griffin then wrongfully dismissed him, thereby obviating the need for further

action by Griffin to accommodate.

9. In all of the above referenced actions, Griffin acted with malice or with reckless indifference to the federally protected rights of Koesters. It also acted contrary to his state rights.

10. As a direct and proximate result of Griffin's discrimination and retaliation against Koesters, he has lost and continues to lose gainful employment, and has lost, and continues to lose, income and benefits that are rightfully due and owing to him.

## RELIEF REQUESTED

1. Find and hold that plaintiff has suffered from defendant's acts of discrimination on the basis of disability;

2. Order that plaintiff be awarded the back pay he would have earned, with related monetary benefits and interest thereon, had he been reinstated as of April 12, 2011;

3. Award plaintiff the front pay that he would have earned for a reasonable time had he not been improperly dismissed;

4. Award plaintiff compensatory damages in an amount to be determined at trial;

5. Award plaintiff punitive damages in an amount to be determined at trial;

6. Award plaintiff attorney fees, litigation expenses, and the costs of this action;

7. Award plaintiff such other relief as is just and meet.

PLAINTIFF REQUESTS TRIAL BY JURY IN COUNCIL BLUFFS

ANTHONY KOESTERS,
Plaintiff,

By _____
Jerry W. Katskee, NE#12145 *
jerry@katskee.com
10404 Essex Court, Suite 100
Omaha, NE 68114-3746
(402) 391-1697

And   /s/ Jeremy J. Cross

Jeremy J. Cross, ISB#AT0001854
CROSS LAW FIRM PLC
600 4th Street, Suite 315
Sioux City, IA 51101
(712) 234-3055


*Pending Motion Pro Hac Vice